NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**STEVE GRANITE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-1442

_____

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00613-SGB, Chief Judge Susan G. Braden.

_____

Decided: May 8, 2018

_____

STEVE GRANITE, Sacramento, CA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

_____

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Steve Granite appeals a decision by the U.S. Court of Federal Claims (Claims Court) dismissing his suit against the United States (Government) for lack of subject matter jurisdiction. Because Mr. Granite's complaint does not assert any substantive claims that the Claims Court has jurisdiction to adjudicate under 28 U.S.C. § 1491 (2012), we affirm.

## BACKGROUND

Mr. Granite's May 3, 2017 complaint alleges that "[t]he federal government does horrible, evil, rotten, inhuman things" to him and that unnamed "3 letter . . . agencies fund a severe surveillance and harassment program that has ruined [Mr. Granite's] life and wants [him] dead." S.A. 15.[1] Mr. Granite alleges that he has suffered "physical, mental, emotional, [and] financial pain and suffering." *Id.* He further alleges that he has lost three relatives "in strange accidents" and that the Government is "trying to kill [him]." S.A. 16. Mr. Granite's complaint seeks $100 million "for what's been done to [him]" plus $1 million for "pain and suffering." S.A. 17. Mr. Granite further requests that the Government "totally leave [him] alone." *Id.*

On July 18, 2017, the Government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. Among other things, the Government argued that the Claims Court lacked subject matter jurisdiction because that court is not authorized to adjudicate tort claims.

---

[1]    S.A. refers to the Supplemental Appendix filed by the Government.

On December 8, 2017, the Claims Court granted the Government's motion to dismiss for lack of jurisdiction.[2]

Mr. Granite appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

"We review the Claims Court's legal conclusion that it lacked subject matter jurisdiction *de novo*." *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id.* (quoting *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)).

## DISCUSSION

The Claims Court based its dismissal decision on the Tucker Act, which gives the Claims Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute" and "does not create any substantive right enforceable against the United States." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, under the Tucker Act, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be

---

[2]    The Government also argued that the complaint failed to state a claim upon which relief can be granted because its allegations were speculative and factually frivolous. S.A. 3–4. The Claims Court concluded that it lacked jurisdiction and did not address this argument.

interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *Testan*, 424 U.S. at 400). Section 1491(a)(1) does not create jurisdiction for damages claims "sounding in tort."

The Claims Court concluded that none of Mr. Granite's asserted claims for relief fell within its jurisdiction. We agree. All of Mr. Granite's claims sound in tort, including his allegations that unnamed government agencies have surveilled him, harassed him, caused him to experience emotional distress, and/or tried to kill him.[3] The Federal Tort Claims Act grants jurisdiction exclusively to federal district courts to hear tort claims. 28 U.S.C. § 1346(b)(1); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1363 (Fed. Cir. 2013); *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002). To the extent that Mr. Granite is trying to argue that the Government has committed crimes against him, the Claims Court lacks jurisdiction over claims arising under the federal criminal code as well. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Neither in the court below nor on appeal has Mr. Granite cited any source of substantive law that would grant the Claims Court jurisdiction to hear his claims.

CONCLUSION

For the foregoing reasons, we *affirm* the Claims Court's decision granting the Government's motion to dismiss for lack of subject matter jurisdiction.

**AFFIRMED**

---

[3] The same holds true for Mr. Granite's assertion—apparently raised for the first time on appeal—that unnamed agencies have "torture[d]" him. *See* Open. Br. ¶¶ 2–3.

COSTS

No costs.